**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
TRICIA A. MORIATES,

                    Plaintiff,

       - against -

NEW YORK STATE UNIFIED COURT SYSTEM, THOMAS A. ADAMS *as Administrative Judge, Supreme Court of the State of New York-Mineola 10th Judicial District*, ROBERT A. BRUNO *as Judge, Supreme Court of the State of New York-Mineola 10th Judicial District*, DIANE TOSCANO *as Courtroom Clerk, Supreme Court of the State of New York-Mineola 10th Judicial District*, KATHRYN DRISCOLL HOPKINS *as Chief Clerk, Supreme Court of the State of New York-Mineola 10th Judicial District*,

                    Defendants.
----------------------------------------------------------------X

**ORDER**

CV 17-4576 (GRB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court conducted a Telephone Status Conference on October 6, 2020 and was advised that progress was being made towards the appointment of an administrator of the Estate for Judge Bruno. *See* DE 42. Once that process was completed, plaintiff's counsel was directed to take the necessary steps to have the estate substituted in this case. *Id.* at 2.

      During the October 6, 2020 Conference, the Court also discussed with the parties its *in camera* review of the Inspector General's Report. *Id.* at 1. The redactions in the Report suggested that the defendants were asserting a claim of privilege. Therefore, the Court inquired whether the defendants were utilizing the internal investigation conducted as a defense in this case because such a defense was not raised in the Answer. *Id.* Defense counsel needed to confer with her client to see if the investigation would be asserted as a defense. If so, the Court advised counsel it would likely require an unredacted Report be turned over to plaintiff. *Id.* Defendants

were then directed to file a letter by November 9, 2020 to notify the Court if they would seek to amend the Answer. *Id.* Plaintiff was given until November 17, 2020 to advise if they would consent or object to an amended answer. *Id.* In addition, the Court was advised that no experts would be utilized in this case. The Court then set a final discovery deadline of February 1, 2021.

On November 9, 2020, defense counsel filed a letter to advise the Court that the New York State Unified Court System ("UCS") would permit her to provide plaintiff with an unredacted copy of the Report so long as the parties enter into a confidentiality agreement. *See* DE 45. Defense counsel also advised that she would "seek to amend the answer to interpose other relevant affirmative defenses that were omitted" but she did not identify what these new defenses would be. *Id.* Although the Court was informed at the October 6, 2020 conference that no experts would be utilized, defense counsel retracted that statement in this letter by asking for an expert discovery schedule because she intends to utilize an economist to opine on plaintiff's damages. *Id.* Plaintiff filed a letter on November 13, 2020 objecting to the defendants' request to file an amended answer and to the pre-requisite of a confidentiality agreement prior to defendants turning over the unredacted Report. *See* DE 46. After reviewing the parties' letters, the Court directed the parties to submit a briefing schedule for defendants' formal motion to amend the Answer. *See* November 16, 2020 Electronic Order. The Court also advised the parties that their disagreement as to the appropriateness of a confidentiality agreement for the Report would be addressed after a decision is rendered on the motion to amend. *Id.* The parties then submitted a briefing schedule which the Court "so ordered." *See* DE 47. Defendants' motion was to be served by December 23, 2020, plaintiff's opposition by January 13, 2021, and defendants' reply, if any, by February 10, 2021. *See* November 19, 2020 Electronic Order.

2

After the briefing schedule was approved, numerous motions and other filings were made by the parties which the Court will now address in turn.

On January 13, 2021, the plaintiff filed a motion to substitute the Estate of Robert A. Bruno for Judge Bruno and to "render any orders the [C]ourt entered or proceedings the [C]ourt held since November 1, 2019, the date of [Judge] Bruno's death, but prior to substitution[,] null and void." *See* DE 48.  Plaintiff's counsel apparently conducted a Google search and found an obituary that suggested Judge Bruno passed away on November 1, 2019.  *Id.* at 2.  The next day, January 14, 2021, the plaintiff filed another motion, withdrawing the January 13, 2021 motion to substitute pending the re-filing of the motion in accordance with the Court's bundle rule.  *See* DE 49 at 1.  The January 14,2021 motion reiterated the plaintiff's request to deem any Orders and proceedings conducted following Judge Bruno's death null and void and also sought a stay of proceedings.  *Id.*  Plaintiff also contends that defense counsel had no authority to act on Judge Bruno's behalf until a proper party is substituted.  *Id.* at 1-2.

Defense counsel did not file a response to either the January 13 or January 14, 2021 filings by plaintiff.  Instead, defendants filed a letter on February 28, 2021 which requested an extension of the deadline to file pre-motion conference requests to Judge Brown for purposes of moving for summary judgment.  *See* DE 50.  Defendants cite "three pending motions" as the grounds for such an extension.  *See* DE 50 at 1 & n.1.  At the time this letter was filed, only two motions were pending:  the plaintiff's January 13 and January 14, 2021 motions.  In addition to those motions, which the defendants consolidate as a single motion, defendants also refer to their motion for leave to amend the answer which was served on December 23, 2020 and another motion served on February 18, 2021 which sought various forms of relief.  *Id.*  According to defendants, the plaintiff's motion to substitute should be denied as untimely and the plaintiff did

3

not oppose their motion to amend the Answer. *Id.* Regarding the February 18, 2021 motion, defendants' letter indicates that motion sought denial of plaintiff's January 13 and 14, 2021 motions and leave to file their motion to amend as unopposed. *Id.* The Court notes that neither the motion to amend nor the February 18, 2021 motion were ever filed by defendants.

On March 8, 2021, the plaintiff filed an untimely opposition to the defendants' February 28 letter motion. *See* DE 51. Plaintiff again contends that all Orders entered and proceedings conducting following the death of Judge Bruno are null and void. *Id.* at 1. Plaintiff raises anew her argument that proceedings should be stayed and that defense counsel has impermissibly continued to act on Judge Bruno's behalf following his death by conducting two depositions. *Id.* at 1-2. Plaintiff also contends that defendants did not respond to her letter motion at DE 49 and characterizes as disingenuous defendants' argument that plaintiff's motion to substitute is untimely. *Id.* at 2.

On March 9, 2021, the defendants filed an impermissible reply to plaintiff's opposition. *See* DE 52. Despite defendants' acknowledgment of the Court's Individual Rules which prohibit replies on letter motions, defendants filed this letter to "refute . . . serious misrepresentations to the Court." *Id.* at 1. Although the Court need not consider this filing, the Court notes that the "misrepresentations" defendants address here pertain to the plaintiff's discovery of Judge Bruno's date of death, the timeliness of the motion to substitute, and their opposition to DE 49 which is set forth in their unfiled February 18 motion. *See id.* at 1-2.

On March 17, 2021, the defendants filed another letter motion which seeks permission to file "as unopposed a motion and a cross-motion" to which plaintiff "refuses" to respond. *See* DE 53. It appears to the Court that the defendants are referring to their motion to amend the Answer and the February 18 motion referred to above. Defendants also note that the plaintiff

4

served them with another motion to substitute on March 2, 2021. *Id.* at 1-2. According to defendants, plaintiff has not responded to their motions nor agreed to participate in a briefing schedule because of plaintiff's claim that defense counsel has no authority to act on behalf of Judge Bruno. *Id.* at 2. Plaintiff filed a response that same day which again requests a stay of proceedings and a declaration that all proceedings and Orders entered since November 1, 2019 be null and void. *See* DE 54.

Although there are multiple issues raised by the excessive filings since January, there are two which the Court must first address which have been reiterated by plaintiff's counsel on four different occasions: (1) whether defense counsel has the authority to represent Judge Bruno after his death when an executor or administrator of the estate had not yet been appointed in the Surrogate's Court and (2) whether any Orders/proceedings in this case since November 1, 2019 should be rendered null and void. As an initial matter, the Court finds it unusual at best that it was more than 14 months after Judge Bruno's passing that plaintiff first brought these issues to the Court's attention – notwithstanding the fact that Judge Bruno's death was first discussed with the Court as early as December 2019 during a Settlement Conference, which was only one month after his passing.

Notwithstanding these circumstances, plaintiff refers the Court to *O'Rourke v. Drunken Chicken in NY Corp.* for the proposition that "[l]awyers are not considered parties to the action and their authority to represent a party ends at the party's death." *See* DE 54. Although the Court concedes this language is present in *O'Rourke*, plaintiff omits from his citation the very next sentence of the decision which states: "For that reason, 'a deceased's attorney is not authorized to file a motion for substitution under Rule 25 unless that attorney has been hired by the administrator of the deceased's estate.'" *O'Rourke v. Drunken Chicken in NY Corp.*, No. 19

5

CV 3942, 2021 WL 1394176, at *2 (E.D.N.Y. Feb. 26, 2021) (quoting *Steward v. City of New York*, No. 04-CV-1508, 2007 WL 2693667, at *5 n.3 (E.D.N.Y. Sept. 10, 2007)). As such, the court in *O'Rourke* denied the motion of plaintiff's counsel to substitute his deceased client's estate in the case, in part because counsel was not "a party" nor the deceased client's representative as set forth in Rule 25. *Id.* at *3. Moreover, the court in *O'Rourke* denied without prejudice the application of the deceased plaintiff's attorney for fees and costs because the court was "unaware of, and counsel has not supplied, any authority permitting an attorney to file a substantive motion once his representation of a client has ceased." *Id.* at *4 & n.4.

Plaintiff's counsel then refers the Court to CPLR § 1015 and various decisions by New York state courts in support of his argument that Judge Bruno's death divested this Court of jurisdiction and that any Orders entered or proceedings conducted after his death are null and void. *See* DE 49 (citing *Matter of Einstoss*, 26 N.Y.2d 181 (1970); *Giroux v. Dunlop Tire Corp.*, 791 N.Y.S.2d 769 (4th Dep't 2005); *Hicks v. Jeffrey*, 757 N.Y.S.2d 474 (2d Dep't 2003)), DE 51 (same) and DE 54 at 1-2 (same). Plaintiff does not cite nor has the Court been able to find a decision by a federal court in New York which has followed the expansive approach taken by these cases. At most, this Court located a decision by a federal judge sitting in the Southern District of New York which held that a judgment entered absent the substitution of a decedent's representative is generally deemed void pursuant to New York law. *See Gerber Trade Fin. Inc. v. J.A.D.E. Fisheries, Inc.*, No. 03 Civ. 1950, 2004 WL 626183, at *4 (S.D.N.Y. Mar. 29, 2004). Such a situation is not present here as judgment has not been entered.

Therefore, the Court declines to declare all actions taken in this case since November 1, 2019 null or void. The Court also notes that Judge Bruno is not the only defendant in this action and the plaintiff's claims against him are also asserted against other defendants. *See* Complaint

6

[DE 1] at ¶¶ 215-40.  As such, the steps taken to move this case forward and the discovery which has been completed to date would have proceeded regardless of Judge Bruno's status as a party, even if at a later date following the entry or denial of a substitution order.  However, the Court is concerned as to whether the administrator of Judge Bruno's estate has appointed defense counsel here to continue to represent Judge Bruno's interests in this action because such an explicit statement is absent from defendants' filings.  It also appears to the Court that the issue of whether the estate will be substituted must be resolved before further action is taken in this case, including the defendants' motion to amend the Answer.  Accordingly, the Court issues the following rulings:

- Defendants' counsel is directed to file a letter by **October 13, 2021** which indicates whether she has been retained by the administrator of Judge Bruno's estate to continue to represent his interests in this action.

- The plaintiff's motion to substitute at DE 48 is deemed WITHDRAWN in accordance with DE 49.

- The plaintiff's motion at DE 49 for a stay and to declare all Orders and proceedings dating back to November 1, 2019 null and void is GRANTED, in part, and DENIED, in part.  The request to stay proceedings is granted until a decision is rendered on the plaintiff's forthcoming motion to substitute.  The parties are directed to confer and submit to the Court a briefing schedule for plaintiff's motion **by October 13, 2021**.  The remaining requests for relief in this motion are denied.

- The defendants' request at DE 50 for an extension of time to commence summary judgment motion practice is GRANTED, without date.  A new deadline will be set after the Court rules on the plaintiff's forthcoming motion to substitute.  To the extent that

- defendants also request that an expert discovery schedule be implemented, defendants will need to make a motion to reopen discovery and demonstrate good cause in light of the fact that the final discovery deadline was February 1, 2021 and this motion was filed on February 28, 2021. *See* DE 42. If defendants intend to pursue this course of action, they will be permitted to file a motion for such relief after the issues pertaining to the substitution of Judge Bruno's estate are resolved.

- The defendants' request at DE 53 to file their motion to amend the Answer and to file the February 18, 2021 motion are denied at this time. The Court notes that the plaintiff did not oppose defendants' motion to amend in light of counsel's belief that defendants did not have the authority to make such a motion. However, at no point did plaintiff seek relief from the jointly proposed, Court-Ordered briefing schedule for defendants' motion to amend. Therefore, the defendants will be permitted to file the motion to amend as unopposed after the substitution issues are resolved. The issue pertaining to the appropriateness of a confidentiality agreement for the Inspector General's Report will be addressed by the Court after it rules on the motion to amend.

**SO ORDERED.**

Dated: Central Islip, New York
September 28, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

8